UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOANNA BELLANGER DUBOIS | CIVIL ACTION |
| VERSUS | NO. 05-4139 |
| LOUISIANA PUBLISHING, INC. | SECTION "S" (4) |

### ORDER AND REASONS

**IT IS ORDERED** that defendant's Motion for Summary Judgment (Document 3) is hereby **DENIED**.

Plaintiff Joanna B. Dubois alleges that she was employed by Louisiana Publishing, Inc., which is operated as a common business enterprise with Herald-Guide Publishing Co., St. Charles Publishing, Inc., and L&T Publishing Partnership.  Plaintiff worked for defendants between October 11, 2002 and March 18, 2005, when she was fired.  Although she was told that she was fired because of her "personality," plaintiff alleges that this was a pretext, and that she was fired because she had taken time off from her job as a result of her son's doctor visits and her own and her husband's surgeries.  Accordingly, she has sued defendant for violating the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611, and for violating LSA-R.S. 23:311.

Defendant's motion argues that plaintiff's FMLA claim should be dismissed because it did not employ over fifty persons, as required by the statute.  Plaintiff has submitted her unsworn

declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, which attests that Louisiana Publishing employed over fifty persons. The court finds that plaintiff's declaration raises a genuine issue of material fact precluding summary judgment under Rule 56.

Defendant argues that because plaintiff's declaration is unsworn and is not in the form of an affidavit, it cannot prevent summary judgment. § 1746 provides:

> Whenever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> \*     \*     \*
>
> (2) if executed within the United States . . . "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

Plaintiff's unsworn declaration complies with this statute, and is therefore "with like force and effect" to a sworn affidavit. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530-31 (5th Cir. 2005) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment. A statutory exception to this rule exists under 28 U.S.C. § 1746, which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made "under penalty of perjury" and verified as "true and correct."). None of the cases

cited by defendant address this statutory provision.

New Orleans, Louisiana this  13th day of February, 2006.

_____
**Mary Ann Vial Lemmon
United States District Judge**