UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOANNA BELLANGER DUBOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO:    05-4139** |
| **LOUISIANA PUBLISHING, INC., ET AL** | **SECTION: "S" (4)** |

### ORDER

Before the Court is a **Motion to Quash and for Protective Order (doc. # 29)** filed by the defendants, Louisiana Publishing, Inc. ("LPI"), Herald-Guide Publishing Co., L.L.C. ("HGP") and L&T Publishing Partnership ("LAP") seeking an order from this Court quashing and/or modifying the depositions noticed by the plaintiff, Joanna Bellinger Dubois, and quashing and/or modifying written discovery issued by Dubois.

Dubois filed an opposition motion. The motion was heard on July 26, 2006.

**I.    Factual and Procedural Background**

Dubois worked for several years for LPI as a Production Assistant, Sales Coordinator, and then Traffic Manager. Beginning in 2005, Dubois, with approval, took sick leave on three separate occasions during the month of January to take her son to the opthamologist. She also took several days off of work at the end of January to undergo an operation. She alleges that sometime in March she asked for leave to care of her husband after he underwent surgery but was told not to "rock the boat." On March 18, 2005, she was terminated because of alleged personality conflicts.

She alleges that her termination was pretextual and that she was terminated because of her exercise of her leave rights under the Family and Medical Leave Act.

She then amended her complaint to add Herald Guide Publishing Company ("HGP"), St Charles Publishing, Inc., ("SCP"), and L&T Publishing Parnership ("LAT"). She alleges that all of the entities, including LPI, were sufficiently interrelated to constitute a single employer for purposes of counting employees under FMLA.

On May 16, 2006, LPI, HGP, and LAT filed a motion to dismiss alleging that LPI, HGP, and LAT do not have the required number of employees to constitute an employer under FMLA. Indeed, the defendants contend that HGP and LAT have no employees. Further, the motion argues that there is no common management and no common business locale between SCP and LPI.[1]

On June 26, 2006, Dubois filed a motion to continue the motion to dismiss contending that she needs more time to engage in discovery to properly respond to the defendants' motion. In particular, Dubois contended that she should be allowed to discover information pertaining to the single enterprise, including (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. Further she contended that she needed information relating to whether any individuals were carried on the payroll or were instead paid by contract. The District Court granted the motion on June 27, 2006.

On July 7, 2006, Dubois propounded interrogatories and requests for production on LPI, HGP, LAT, and SCP, who has not yet made an appearance.[2] On July 10, 2006, Dubois noticed LPI, HGP, LAT, and SCP for 30(b)(6) depositions for August 10, 2006.

---

[1] SCP's registered domiciliary address is in Norco, Louisiana, and LPI's registered domiciliary address is in Boutte, Louisiana.

[2] During the hearing, counsel for the parties advised the Court that SCP had been served with the complaint but were represented by separate counsel.

The defendants then filed the subject motion for a protective order and motion to quash on July 20, 2006.

## II.     Standard of Review

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party."  However, discovery may be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  FED. R. CIV. P. 26(b)(2).

The decision to enter a protective order is within the Court's discretion.  *Thomas v International Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995).  Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders.  It provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

FED. R. CIV. P. 26(c).

Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *In re: Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

**III.     Analysis**

During the hearing, counsel for the parties informed the Court that they had reached an agreement on all the issues raised by the motion but one. The parties agreed that LPI, HGP, and LAT would provide, for the years 2004 through 2005,

(1)   all W-2, W-4, W-9, and 1099 forms with redacted amounts and social security numbers;

(2)   that the defendants would identify and provide any documents relating to any EEOC charges or lawsuits;

(3)   that the defendants would inquire as to whether they had any unpaid employees or interns;

(4)   that the defendants would inquire as to whether it had any service swapping agreements with any other persons.

The parties further agreed that:

(5)   the 30(b)(6) deposition would be limited to the years 2004-2005 and not relate to the merits of Dubois's FMLA claims;

(6)   Dubois's entire personnel file would be produced, and;

(7)   the parties would jointly approach the District Court and ask for a further continuance on the pending motion to dismiss.

The remaining issue is whether the defendants must each produce a cash flow statement and a balance sheet. The defendants contend that the financial information is not relevant to the pending motion to dismiss, and therefore should not be allowed.

Dubois contends that the information is relevant and could provide her with information on the number of the defendants' employees and whether the defendants are interrelated such that single employer liability exists.

The Court notes that because no Rule 16 or 26(f) conference has occurred, any discovery is limited to Dubois's request in her motion to continue granted by the District Court. Thus, discovery

must be relevant to defending against the defendants' motion to dismiss.

During the hearing, the Court questioned Dubois as to how the cash flow statement and balance sheet could provide evidence of the existence of employees that would be different than the W-2, W-4, W-9, and 1099 forms that the defendants already agreed to produce. Dubois was unable to provide the Court with any distinctions. The Court concluded that the cash flow statements and balance sheets were merely duplicative of the agreed to production of all W-2, W-4, W-9, and 1099 forms.

Further, the Court notes that request for production number 8 seeks *current* balance sheet information for the defendants and request for production number 9 seeks a *current* statement of cash flows for the defendants. The current status of these corporations is not relevant to whether these corporations were interrelated in 2004 and 2005, the years relevant to Dubois' FMLA claim. Accordingly, the Court concludes that these requests are not relevant to the pending motion to dismiss and should be quashed.

Accordingly,

**IT IS ORDERED** that the defendants' **Motion to Quash and for Protective Order (doc. # 29)** is **GRANTED in PART and DENIED in PART as MOOT.** It is granted for request for production 8 and 9 which sought cash flow statement and balance sheet information. It is denied in part as moot because of the agreement reached by the parties as outlined in this Order.

New Orleans, Louisiana, this  8th  day of August, 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**